## In Re: Condemnation by the Redevelopment Authority of the City of York

*Peter D. Solymos,* for condemnor.
*Marc A. Roberts,* for condemnee.

CASSIMATIS, *J.*, February 15, 1984—This matter is before the court on condemnee's preliminary objections in the nature of a motion to strike. The issue before us is whether the letter of condemnee's counsel of June 11, 1981, constituted as a matter of

law a tender of possession or right of entry under 26 P.S. §1-407. We find that the motion to strike should be denied.

On December 31, 1980, condemnor, the Redevelopment Authority of the City of York, filed a declaration of taking, condemning a property owned by condemnee, Cupid, Incorporated, at 15 East Maple Street, York, Pa. On January 28, 1981, condemnee filed preliminary objections to the declaration which were dismissed by the court on March 17, 1981.

Attorney for condemnee sent a letter to the attorney for condemnor. Said letter, dated June 11, 1981, demanded condemnor's appraisal price and reserved the right to a board of view.*

Thereafter, condemnee filed and served interrogatories upon condemnor on July 3, 1981. Since no answer was received, condemnee filed a motion for sanctions on August 21, 1981. Ten days later, condemnor filed a declaration of relinquishment. Condemnee responded on September 11, 1981, with preliminary objections in the nature of a motion to strike.

Section 408 of the Eminent Domain Code, (Act of June 22, 1964, Special Sess., P.L. 84, Art. IV, §408, as amended December 5, 1969, P.L. 316, §1; December 29, 1971, P.L. 636, §2), gives a condemnor the power to relinquish a property which it has previously condemned by the filing of a declaration of relinquishment within one year of the filing of the declaration of taking:

---

* The letter in its entirety is as follows:

"By this letter we make demand for the appraised prices as set forth in the letters from the Redevelopment Authority to the above named land owners. We reserve the right to proceed with the Board of View."

"The condemnor, by filing a declaration of relinquishment in court within one year from the filing of the declaration of taking, and before having made the payment provided for in section 407(a) or (b) [26 P.S. §1-407], or as to which the condemnee has not tendered possession of the condemned property as provided in section 407, may relinquish all or any part of the property condemned that it has not taken actual possession of for use in the improvement, whereupon title shall revest in the condemnee as of the date of the filing of the declaration of taking . . ."

In the case before us, no one contends that the Redevelopment Authority made any payment to Cupid, Inc. It is equally clear that the declaration of relinquishment was filed within one year of the filing of the declaration of taking. Therefore, the Redevelopment Authority was entitled to relinquish Cupid, Inc.'s property under the above section unless Cupid, Inc., had tendered possession of the property as provided in section 407, 26 P.S. § 1-407. Section 407 reads in pertinent part:

"(b) If within sixty days from the filing of the declaration of taking, the condemnor has not paid just compensation as provided in subsection (a) of this section, the condemnee may tender possession or right of entry in writing and the condemnor shall thereupon make payment of the just compensation due such condemnee as estimated by the condemnor."

Condemnee alleges that the letter of June 11, 1981, was a tender of possession or right of entry under the above section. The letter was a demand for the appraised price and a reservation to proceed with the board of view.

It is apparent that more than 60 days passed from the filing of the declaration of taking without the

condemnor having paid just compensation. Condemnee's recourse was to take action under section 407. The statute clearly states that once the condemnee tenders possession or right of entry, the condemnor shall pay the just compensation due. The only way the condemnee may receive the compensation when it is not forthcoming from the condemnor is to follow the mandates of this section.

In this case, condemnee made a demand for the appraised price. This is not a tender of possession or right of entry but merely a demand for payment as stated in the letter. Condemnee would have us imply a tender of possession from this letter. This we are not willing to do. If we were to imply a tender from such a vague letter, the effect would be to bar condemnor from relinquishing the property. Section 407 required that such a tender must be in writing, and this has not been achieved through a letter that merely demands the appraised price.

After this letter was sent, condemnee did not pursue payment, but instead filed interrogatories, followed by a motion for sanctions when the answers were not forthcoming. After a declaration of relinquishment was filed, condemnee objected, claiming that said letter was a tender of possession or right of entry. One year and 12 days later, a brief in support of this argument was filed. Both the preliminary objections and the brief in support were served on opposing counsel one year and one month after the brief in support was filed. Under all of the circumstances, we find that the letter in question was not a tender of possession or right of entry.

Accordingly, we shall enter the following

### ORDER

And now, this February 15, 1984, it is ordered and directed that the preliminary objection in the

nature of a motion to strike the declaration of relinquishment of the Redevelopment Authority is denied.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.